IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antwan D. Grayson, ) | Case No.: 1:22-cv-02029-JD-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| SCDOC Ronnie Williams, Mr. Hunter ) | |
| Peterson, Mrs. Dr. Torrez, and Mrs. Shiver, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  (DE 118.)  Plaintiff Antwan D. Grayson ("Plaintiff" or "Grayson"), a state prisoner proceeding *pro se*, brought this action under 42 U.S.C. § 1983 alleging Defendants SCDOC Ronnie Williams ("Williams"), Mr. Hunter Peterson ("Peterson"), Mrs. Dr. Torrez, and Mrs. Shiver (collectively "Defendants"), in their individual capacities, violated his Eighth Amendment rights.  Plaintiff alleges he was not kept safe from other inmates, leading to an assault.  (DE 1.)

Plaintiff has been incarcerated within the South Carolina Department of Corrections ("SCDC") at all relevant times and is housed at Kirkland Correctional Institution.  (DE 57, ¶ 3). In his verified complaint,[2] he alleges that following a gang riot on April 15, 2018, at Lee

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

[2]     Generally, when one party moves for summary judgment, the non-movant cannot merely rely on matters pleaded in the complaint, but must, by factual affidavit or the like, respond to the motion.  See Celotex Corp. v. Catrett, 477 U.S. 317, 324; Fed. R. Civ. P. 56(c).  In any event, in this Circuit, verified

1

Correctional Institution, where he was then housed, he was transferred to Broad River Correctional Institution ("BRCI"). (Id. ¶¶ 9–10.) Plaintiff alleges he was released from BRCI's security detention around March 23, 2019, and assigned to the Wateree Dorm. (DE 57-1, ¶ 3.)

Plaintiff alleges that when he received his dorm assignment, he "immediately . . . expressed safety concerns with Lt. Ronnie Williams" (DE 57, ¶ 11) because he had been informed that Wateree Dorm "was known as the B-hive (blood house)."³ (DE 57-1, ¶ 5, See also id. ¶ 6 ("I told Lt. Ronnie Williams and Dr. Torrez about my fear for my life if I was housed in that dorm. Mrs. Shiver was also made aware of my fear for my life in that dorm")). Plaintiff alleges that neither Williams nor others "took [his] complaint and safety concerns seriously." (DE 57, ¶ 14.) Plaintiff further alleges as follows:

> On May 14, 2019, Wateree unit was released from its full restricted movement and placed on tiers, allowing a large group of inmates out at a time. Plaintiff Grayson was one of the inmates out of his room. Officer Mr. Hunter Peterson was assigned to Wateree Unit and was working on this day. Moments later Mr. Peterson did the Law Library call and allowed inmates from the other side of Wateree dorm on Plaintiff's wing. Moments later Plaintiff Grayson and another inmate that was in the same situation Mr. Grayson was in were ambushed and attacked by a large number of unknown assailants with deadly weapons. OFC Mr. Peterson abandoned his training and oath to protect the safety of inmates, as he committed to running off the wing and locking the wing door behind him, preventing Plaintiff Grayson from exiting the unit . . . .

(DE 57, ¶ 16) (punctuation altered.)

In support of his claims, Plaintiff has submitted an affidavit from another inmate, Ronnie M. Drake ("Drake"), attesting that a rival gang, the Bloods, maintained a hit list or kill list that Drake had been stabbed when housed at the Wateree Dorm and that Drake informed Plaintiff that

---

complaints by plaintiffs proceeding pro se are to be considered as affidavits when the allegations are based on personal knowledge. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

³ Plaintiff alleges that he is a validated member of the Crip Nation and that he was informed that "the Blood Nation had a hit list and [he] was mentioned on it." (DE 57-1, ¶ 3.)

Drake saw Plaintiff's "name on the bloods to kill hit list and its not safe for him on the yard, at least not Broad River yard" in that it is "ran by mostly blood gang members." (DE 117-1 (minor edits made).) Defendants, in response to Plaintiff's allegations, submitted affidavits from SCDC lieutenant over intelligence unit and contraband Randy Ward ("Ward") (DE 112-2, ¶¶ 4-11) and Peterson. (DE 112-3, ¶ 3.)

On August 8, 2023, Defendants filed a Motion for Summary Judgment alleging that the pleadings and materials on file show no genuine issue as to any material fact. Under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' motion. (DE 113.) Plaintiff filed a response to Defendants' Motion for Summary on September 18, 2023. (DE 117.)

The Report was issued on September 18, 2023, recommending granting in part and denying in part Defendants' Motion for Summary Judgment. The Report recommends granting Defendants' motion as to Plaintiff's Eighth Amendment claim against Williams, Torrez, and Shiver, but allowing Plaintiff's Eighth Amendment claim against Peterson to proceed to trial. (DE 118.) On October 2, 2023, Defendants objected to the Report. (DE 122.) However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate

3

judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). Absent <u>specific</u> objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Defendants object to the Report's finding that their motion for summary judgment lacks evidence to support their dismissal of Plaintiff's Eighth Amendment claim. Defendants ask this Court to consider an additional affidavit and other exhibits not attached to the motion for summary judgment to support their position. (DE 112.) The Court overrules this objection and declines to do so as part of its review of the motion for summary judgment. However, the Court grants Defendants leave to file a new motion for summary judgment on Plaintiff's Eighth Amendment claim against Peterson.

Accordingly, after a thorough review of the Report and Recommendation and the record, the Court finds no clear error on the face of the record, and the Court adopts the Report (DE 118) and incorporates it here.

It is, therefore, **ORDERED** that Defendants' Motion for Summary Judgment (DE 112) is granted as to Plaintiff's Eighth Amendment claim against Williams, Torrez, and Shiver and denied as to Plaintiff's Eighth Amendment claim against Defendant Peterson. Defendants are granted fifteen days' leave to file another motion for summary judgment as to Plaintiff's Eighth Amendment claim against Defendant Peterson.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
December 8, 2023

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.